## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MCCOY/ROBINSON
Appellants,

DOCKET NUMBER[1]
DC-0752-15-0067-I-1

v.

DEPARTMENT OF THE AIR FORCE,
Agency.

DATE: November 13, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Stephanie McCoy, Clinton, Maryland, pro se.

Patricia A. Robinson, Clinton, Maryland, pro se.

Basil R. Legg, Jr. and Lindsay Collins, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

---

[1] We consolidate the appellants' cases in *McCoy v. Department of the Air Force*, MSPB Docket No. DC-0752-14-0681-I-1, and *Robinson v. Department of the Air Force*, MSPB Docket No. DC-0752-14-0682-I-1, under MSPB Docket No. DC-0752-15-0067-I-1 to expedite processing. *See* 5 U.S.C. § 7701(f)(1); 5 C.F.R. § 1201.36. Because the cases arose under the same position reclassification action, involve the same administrative judge who issued substantially similar initial decisions, and the appellants have filed nearly identical petitions for review, we find that consolidation will not adversely affect either party.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1 The appellants have filed petitions for review of initial decisions, which dismissed their appeals of their reductions in grade as untimely filed. Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, and based on the following points and authorities, we conclude that the petitioners have not established any basis under section 1201.115 for granting their petitions for review. Therefore, we CONSOLIDATE the appellants' appeals, DENY the petitions for review, and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 In May 2014, the appellants filed appeals of their reductions in grade that were effective November 3, 2013. McCoy Initial Appeal File (McCoy IAF), Tab 1; Robinson Initial Appeal File (Robinson IAF), Tab 1. Appellant McCoy filed her appeal on May 9, 2014. McCoy IAF, Tab 1. Appellant Robinson filed her appeal on May 8, 2014. Robinson IAF, Tab 1. In both cases, the administrative judge issued timeliness orders informing the appellants that their appeals appeared to be untimely filed and ordering each of them to file evidence and argument to prove either that their appeals were timely or that good cause existed for their untimely filing. McCoy IAF, Tab 3; Robinson IAF, Tab 2 at 2-4. Appellant Robinson submitted an untimely response to the timeliness order

consisting of various documents but did not assert that her appeal was timely filed or that good cause existed for the filing delay. Robinson IAF, Tab 6. Appellant McCoy did not respond to the timeliness order. McCoy IAF, Tab 6 at 2.

¶3   In both cases, the agency filed a motion to dismiss the appeal as untimely filed without good cause shown.[3] McCoy IAF, Tab 5 at 4-6; Robinson IAF, Tab 5 at 6-9. In the initial decisions, issued without holding the appellants' requested hearings, the administrative judge found that the appellants' appeals were untimely filed more than 5 months after the filing deadline of December 3, 2013, and that the appellants did not show good cause for waiving the filing deadline. McCoy IAF, Tab 6, Initial Decision (McCoy ID); Robinson IAF, Tab 7, Initial Decision (Robinson ID).

¶4   The appellants have filed nearly identical petitions for review in which they assert for the first time that the reason for their delay in filing their appeals was due to a pending internal agency investigation that concluded on April 9, 2014, and that their appeals were timely filed within 30 days after the agency completed its investigation. McCoy Petition for Review (McCoy PFR) File, Tab 1 at 4; Robinson Petition for Review (Robinson PFR) File, Tab 1 at 3-4. The appellants also attached numerous documents to their petitions, which appear to be largely from the record below. McCoy PFR File, Tab 1; Robinson PFR File, Tab 1. The agency has not filed a response to Appellant Robinson's petition. The agency has

---

[3] The agency also sought to dismiss Appellant Robinson's appeal for lack of jurisdiction because she received retained pay and grade in connection with her position reclassification. Robinson IAF, Tab 5 at 8-9. The administrative judge did not address this issue but noted, also without addressing, that a separate jurisdictional impediment may exist due to the fact that Appellant Robinson had elected to grieve her reduction in grade prior to filing her Board appeal. Robinson IAF, Tab 7 at 5-6. Because we find that the appeals were untimely filed without good cause, we do not reach these jurisdictional issues on review. *See Smart v. Department of Justice*, 113 M.S.P.R. 393, ¶ 11 (2010) (where jurisdiction may be lacking, but the record is sufficiently developed on the timeliness issue, it is appropriate to assume arguendo that an appeal presents a matter within the Board's jurisdiction and dispose of the appeal on timeliness grounds).

filed a response in opposition to Appellant McCoy's petition. McCoy PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her appeal. *Id*.

¶6      The appellants' reductions in grade were effective November 3, 2013. McCoy IAF, Tab 1 at 21; Robinson IAF, Tab 5 at 14. Thus, the deadline for their Board appeals was December 3, 2013. As the administrative judge correctly found, the appellants' appeals were filed over 5 months after the filing deadline. McCoy ID at 2; Robinson ID at 2-3. On review, the appellants do not argue that they were unaware of the deadline to file a Board appeal but rather maintain that they timely filed their appeals within 30 days after the agency completed its internal investigation of their reductions in grade on April 9, 2014. *See* McCoy PFR File, Tab 1 at 4; Robinson PFR File, Tab 1 at 3-4.

¶7      The record reflects that the agency's decision letters properly informed the appellants of their right to appeal to the Board and specified that any appeals with the Board had to be filed "during the period beginning with the day after the effective date of your change to lower grade and ending not later than thirty (30)

calendar days after the effective date." McCoy IAF, Tab 1 at 22; Robinson IAF, Tab 5 at 15. Given such clear notice of their appeal rights, the appellants' mistaken belief that the time limit for filing a Board appeal did not begin to run until after the completion of the internal agency investigation does not constitute good cause for their untimely appeals. *See, e.g.*, *Waller v. U.S. Postal Service*, 78 M.S.P.R. 696, 699 (1998) (the appellant's mistaken belief that he could not file a petition with the Board until after arbitration does not establish good cause where the initial decision properly advised him of his right to file a petition with the Board).

¶8    Finally, we note that it is well-settled that awaiting the outcome of proceedings in another forum will not provide good cause for an untimely appeal. *See, e.g.*, *Staton v. Department of Homeland Security*, 103 M.S.P.R. 318, ¶ 12 (2006) (the appellant's delay in pursuing a Board appeal while he informally attempted to resolve the matter with the agency does not constitute good cause for his lengthy filing delay); *Shimmin v. Department of Justice*, 63 M.S.P.R. 435, 438 (an appellant's pursuit of appeal rights through other forums does not establish good cause for a delay in filing), *aff'd*, 43 F.3d 1486 (Fed. Cir. 1994) (Table). After considering the appellants' arguments on review, and their submissions below, we find that they have failed to establish good cause for the untimely filing of their appeals. Accordingly, we find that the administrative judge properly dismissed the appeals as untimely filed without good cause shown.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.